# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TDN MONEY SYSTEMS, INC., ) <br>                Plaintiff(s), ) <br> vs. ) <br> GLOBAL CASH ACCESS, INC., ) <br>                Defendant(s). ) | Case No. 2:15-cv-02197-JCM-NJK <br><br> ORDER <br><br> (Docket No. 35) |

      Pending before the Court is a motion to compel filed by Plaintiff. Docket No. 35. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 36, 47. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED** without prejudice.

      The pending motion and subsequent briefing are insufficient in several ways that each militate against the Court wading into the instant dispute at this time. First, the scope of the dispute is not entirely clear. The motion indicates that the parties were able to "narrow the issues in dispute to the 2015 and 2016 sales documentation." *See* Docket No. 35 at 4. Hence, it appears at first blush that the only live dispute is the appropriate temporal scope of the interrogatories. Nonetheless, the motion and subsequent briefing then continue on by addressing issues that appear to be completely detached from that issue. For example, the parties appear to dispute whether the term "ticket redemption kiosk" was impermissibly vague, *see* Docket No. 35 at 4, Docket No. 36 at 3, whether it is proper to respond to interrogatories through identification of documents, *see* Docket No. 36 at 3-4, and whether issues

regarding confidentiality militate against production of documents, *see* Docket No. 47 at 2. The Court declines to wade through the briefing to identify what issues are actually pertinent to the parties' dispute.

Second, while the parties contest the proper scope of discovery, neither acknowledges that Rule 26(b) of the Federal Rules of Civil Procedure was amended nearly a year ago and, consequently, neither party addresses the impact of that amendment on the pending motion. Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016). The Court declines to conduct this analysis without the parties identifying the applicable standards and explaining how those standards have been met.

Third, the recent amendments to Rule 1 and Rule 26 are meant to emphasize the need for counsel to work together more cooperatively in a common-sense manner that avoids unnecessary discovery and unnecessary discovery disputes. *See, e.g.*, Fed. R. Civ. P. 1 (making clear that the parties themselves share in the responsibility to secure a just, speedy, and inexpensive resolution of cases). The Court also has a duty to actively and effectively manage the discovery process to ensure that the parties have an efficient access to necessary discovery while eliminating unnecessary and wasteful discovery. *See Roberts*, 312 F.R.D. at 603-04 At the same time, the Court's duty is not triggered every time counsel have a disagreement; attorneys are expected to resolve disputes among themselves in most cases and to resort to court intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). Some of the squabbles that were briefed here clearly do not rise to that level. For example, the parties' dispute as to the meaning of "ticket redemption kiosk" should not require court intervention. Common sense and pragmatism

dictate that any confusion over the meaning of that term should have been resolved by counsel talking to one another.  *See, e.g., United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006).  Instead, and although the intended definition now appears plain, the instant dispute arises out of the failure to include an explicit definition with the interrogatories.  *See* Docket No. 36 at 3 ("TDN could have precluded any ambiguity in the first place by including a simple definition in its Interrogatories to this effect.  It failed to do so . . .").  Such bickering is inconsistent with the common-sense practicality emphasized in the recent amendments to the rules.

For all of these reasons, the pending motion to compel is **DENIED**.  The parties are ordered to conduct a further meet-and-confer to resolve the dispute(s).  That meet-and-confer must be conducted in person.  In the event the parties truly cannot resolve the dispute(s) themselves, a renewed motion to compel may be filed.  Any such renewed motion must clearly identify the issues to be resolved and avoid briefing irrelevant issues.  Any such motion must also identify and apply the current rules and standards.

IT IS SO ORDERED.

DATED: July 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge