UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TDN MONEY SYSTEMS, INC., | Case No. 2:15-CV-2197 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GLOBAL CASH ACCESS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Global Cash Access, Inc.'s motion to dismiss (ECF No. 20). Plaintiff TDN Money Systems, Inc., filed a response (ECF No. 22), and defendant filed a reply (ECF No. 24).

**I.     Background**

Western Money Systems ("WMS"), a former Nevada business that manufactured and sold ticket redemption kiosks, entered into a deal with plaintiff on January 1, 2006. (ECF No. 20). The deal appointed plaintiff as an authorized non-exclusive reseller of WMS products. (*Id.*). The plaintiff's duties under the agreement were to make direct sales to end-users in its respective territory. The agreement also allowed for WMS to retain its ability to sell directly to end-users. However, sales made by WMS to end-users in plaintiff's territory entitle plaintiff to a commission provided that plaintiff provided the end-user with certain follow-up services. (*Id.*). The commission would be "equal to the difference between the net sale amount and the reseller price. (*Id.*).

On August 4, 2009, defendant acquired WMS. On April 21, 2010, defendant and plaintiff entered into a new contract, containing the same terms as the previous contract. (*Id.*). On March 12, 2014, defendant sent a letter to plaintiff informing plaintiff of defendant's intent not to renew

**James C. Mahan**
**U.S. District Judge**

the contract at the end of the current term of the agreement. (*Id.*). However, on March 18, 2014, plaintiff sent a letter to defendant informing defendant of plaintiff's intent to renew the contract. (*Id.*). The terms of the contract allowed for automatic renewal at the discretion of one party. The contract stated that "if either party delivers notice of its desire to renew the Agreement to the other party no less than 30 days prior to the expiration of the current Term, the Agreement shall be automatically renewed for an additional year." (ECF No. 22 at 12).

Because defendant refused to renew the contract, plaintiff filed the instant complaint alleging (1) intentional interference, (2) breach of contract, (3) breach of covenant of good faith and fair dealing, and (4) special damages. (ECF No. 17).

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), which held

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

*A. Perpetual Contract Claim*

Plaintiff alleges that defendant breached the contract by: (1) attempting to terminate the agreement unilaterally; (2) failing to provide plaintiff with compensation for certain sales; (3) intentionally selling its ticket redemption kiosks below market; (4) failing to provide plaintiff with functioning kiosks; and (4) failing to provide technical support to plaintiff's customers.

Defendant does not challenge plaintiff's breach of contract claims prior to defendant's notice of non-renewal in this motion. (ECF No. 20).  Rather, defendant argues that plaintiff cannot recover damages for breach of contract claims after the notice of non-renewal because there was no longer an existing contract. (ECF No. 20 at 11).  Defendant argues that these claims should be dismissed because the contract did not clearly provide for perpetual extensions at the discretion of one party. (ECF No. 20). Plaintiff argues that the terms of the contract clearly emphasize that the agreement is to act as a perpetual contract. (ECF No. 22).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Supreme Court of Nevada has stated:

> [A]s a matter of public policy courts should avoid construing contracts to impose perpetual obligation. However, when the language of a contract clearly provides that the contract is to have a perpetual duration, the courts must enforce the contract according to its terms.

*Bell v. Levlen*, 90 P.3d 1286, 1288 (Nev. 2004).

The court finds plaintiff has adequately plead its breach of contract claims that arose after defendant's notice of non-renewal. The contract clearly states that if either party gives notice of its desire to renew the agreement 30 days prior to the expiration of the current term, the agreement will automatically renew for an additional term. (ECF No. 22). Therefore, the plain language of the contract states that the agreement is effectively perpetual, and plaintiff has adequately pleaded his breach of contract claims.

*B. Tortious Intentional Interference with Contractual Relations*

Plaintiff alleges that defendant intentionally interfered with plaintiff's contractual relations by making direct sales to plaintiff's customers. (ECF No. 22). Defendant argues that this claim should be dismissed because plaintiff fails to plead sufficient facts showing the existence of a valid contract. (ECF No. 20).

In order to establish tortious interference, the plaintiff must prove the following: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. *J.J. Industries, LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003). A "valid and existing contract" must be alleged in the complaint in order for the claim to survive a motion to dismiss. *See LT Intern. Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1249 (D. Nev. 2014).

The court finds that plaintiff does not provide sufficient facts to support a claim for tortious interference with contractual relations. In the complaint, plaintiff states that its "former" customers included Resorts World Casino, Empire City Yonkers, and Sands Bethworks, but plaintiff fails to allege that these customers were parties to any current valid and existing contract. Judges in this district have held that "[w]ithout . . . . [that] critical allegation . . . . [the] claim for interference

James C. Mahan
U.S. District Judge

- 4 -

with existing contracts must be dismissed." *LT Intern. Ltd.*, F. Supp. 3d at 1249. Therefore, this claim is dismissed without prejudice.

### *C. Intentional Interference with Prospective Economic Advantage*

Plaintiff alleges that defendant intentionally interfered with prospective relationships by instructing casinos not do business with plaintiff and by making direct sales to plaintiff's prospective customers. Defendant argues that this claim should be dismissed because plaintiff has failed to allege any unlawful or improper conduct committed by defendant. (ECF No. 24).

Similar to a claim for tortious intentional interference with contractual relations, a claim for intentional interference with an economic advantage requires a showing of: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *See Leavitt v. Leisure Sports Inc.*, 734 P. 2d 1221, 1225 (Nev. 1987). In order to prove the absence of privilege or justification a "plaintiff must show the means used to divert the prospective advantage was unlawful, improper or was not fair and reasonable." *Custom Teleconnect, Inc. v. Int. Telle-Services, Inc*., 254 F. Supp. 2d 1173, 1181 (D. Nev. 2003).

The court finds that plaintiff has failed to allege sufficient facts to support this claim. The reseller agreement expressly allows for defendant to make direct sales to customers, and plaintiff has failed to allege any facts that suggest defendant's conduct was anything more than free competition as discussed in *Crockett.*

Plaintiff argues in the alternative that defendant is liable for interference with relations because defendant's failure to provide certain services to the defendant, as required by the contract, damaged plaintiff's relationships with prospective customers. (ECF No. 17). Plaintiff alleges that defendant failed to provide technical support to plaintiff's customers and failed to fill plaintiff's orders for parts. (*Id.*). Defendant argues this claim should be dismissed because the economic loss doctrine prohibits the enforcement of breach of contract claims as tort. (ECF No. 20).

"[T]he economic loss doctrine is designed to maintain a distinction between damage remedies for breach of contract and for tort." *Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d

**James C. Mahan**
**U.S. District Judge**

- 5 -

865, 873 (9th Cir. 2007) (applying Nevada law). Economic interests are supposed to be protected by contract law, which enforces the expectancy interests of the parties to an agreement, whereas tort law enforces standard conduct to protect all citizens from the dangers of physical harms. *See Calloway v. City of Reno*, 993 P.2d 1259, 1265 (Nev. 2000), *overruled on other grounds by Olson v. Richard,* 120 Nev. 240, 241-44 (2004). The doctrine "prevents a plaintiff from asserting contract claims cloaked in the language of a tort." *First Magnus Fin. Corp v. Rondeau*, 2012 WL 607563, at *2 (D. Nev. Feb. 24, 2012). Because plaintiff attempts to assert a contract claim disguised as a tort, plaintiff's claim is dismissed.

### D. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff alleges that after it made sales for defendant, defendant used those contacts to compete with plaintiff for those same customers in order to provide direct sales. (ECF No. 22). Plaintiff further alleges that defendant instructed plaintiff's customers not to do business with plaintiff and defendant sold its products below market value to avoid paying plaintiff a commission. (*Id.*). Plaintiff argues that this is a breach of the covenant of good faith and fair dealing because defendant's conduct is inconsistent with the purpose and justified expectations of the contract. Defendant argues that this claim should be dismissed because the contract allowed for defendant to make direct sales to customers. (ECF No. 24).

"[T]he implied covenant of good faith is an obligation independent of the consensual contractual covenants." *Morris v. Bank of Am. Nev.,* 886 P.2d 454, 457 (Nev. 1994). "Under the implied covenant each party must act in a manner that is faithful to the purpose of the contract and the justified expectations of the party." *Id.* (quotations omitted). "[W]here one party to a contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.* "Reasonable expectations are to be determined by the various factors and special circumstances that shape these expectations." *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (quotations omitted).

The purpose of the contract was to give defendant new means to market and sell its products by allowing plaintiff to sell defendant's products to end users in an assigned territory. (ECF No. 20). Assuming plaintiff's allegations are true, plaintiff was reasonable in its expectation that

**James C. Mahan**
**U.S. District Judge**

defendant would not use plaintiff's sales to steal plaintiff's customer contacts and then sell to those customers at cut rates in order to bypass paying plaintiff a commission. This would offend the purpose of the contract and, therefore, plaintiff has sufficiently pleaded a claim for breach of covenant of good faith and fair dealing.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Global Cash Access, Inc.'s motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No.16) be, and the same hereby is DENIED as moot.

DATED August 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**