1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TDN MONEY SYSTEMS, INC.,       )    Case No. 2:15-cv-02197-APG-NJK

          Plaintiff(s),    )

                      )    ORDER

vs.                    )    (Docket Nos. 39, 51)

GLOBAL CASH ACCESS, INC.,    )

          Defendant(s).    )

_____)

      Pending before the Court are Defendant's motions to seal.  Docket Nos. 39, 51.  The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being. Nonetheless, Defendant must file a supplement in accordance with this order no later than August 19, 2016.

## I.    STANDARDS

      The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling

reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret").  On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178.  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents).  Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182.  In

---

[1] The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).  Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099.  A petition for *certiorari* remains pending in that case.  The Court finds that the compelling reasons standard applies here under both the traditional and the non-mechanical ways of thinking of "dispositive" motions.

allowing the sealing of a document, the Court must base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material")

## II.    ANALYSIS

The pending motions seek to seal exhibits attached to summary judgment briefing. While the motions recognize the "compelling reasons" standard, they fail to provide more than conclusory offerings that the documents contain confidential business information and that disclosure would be harmful. *See, e.g.*, Docket No. 39 at 3 (asserting that document "unquestionably contains confidential business information that should be protected from disclosure").[2]  Business records may qualify for sealing in some instances, but compelling reasons are not established by merely noting a document is a confidential business document and arguing that sealing it would further "legitimate business purposes." *See* Docket No. 39 at 3.  Instead, the movant must articulate with specificity the harm that would flow from disclosure of that document. *E.g.*, *Kamakana*, 447 F.3d at 1178 (requiring the movant to "articulate compelling reasons supported by specific factual findings").

In addition, the pending motion seeks to seal exhibits in their entirety without explaining why redaction is not proper instead.  The potential for redaction seems especially likely with respect to the motion at Docket No. 39 given that Defendant acknowledges some of the information within the

---

[2] Defendant highlights that the exhibits were designated as confidential pursuant to the stipulated protective order.  The mere fact that a document has been designated as confidential pursuant to a blanket stipulated protective order is insufficient to establish compelling reasons for its sealing once filed. *See, e.g.*, Docket No. 27 at 2 (citing *Foltz*, 331 F.3d at 1133; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)); *see also Kamakana*, 447 F.3d at 1183.

underlying exhibit has already been publicly revealed through press releases and filings with the Securities and Exchange Commission.  *See* Docket No. 39 at 3.

**III.    CONCLUSION**

The motions to seal as currently presented fail to satisfy the compelling reasons standard.  They provide conclusory statements regarding the need for secrecy without articulating the harm that would arise through disclosure, and fail to explain why redaction is not possible.  The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being.  No later than August 19, 2016, Defendant shall submit a supplemental brief articulating in detail the harm that would arise if the exhibits are not sealed, and supported by a declaration or other competent evidence.  The supplement shall also explain why redaction is not feasible.

Any response to that supplement must be filed no later than August 24, 2016.

IT IS SO ORDERED.

DATED: August 12, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge