1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TDN MONEY SYSTEMS, INC.,      )     Case No. 2:15-cv-02197-JCM-NJK
                    )
          Plaintiff(s),     )     ORDER
                    )
vs.                    )     (Docket Nos. 39, 51)
                    )
GLOBAL CASH ACCESS, INC.,      )
                    )
          Defendant(s).    )
_____)

      Pending before the Court are Defendant's motions to seal.  Docket Nos. 39, 51.  On August 12, 2016, the Court issued an order outlining the applicable standards and finding the motions as filed insufficiently supported.  Docket No. 56.  The Court instructed Defendant to file a supplement articulating the harm that would arise if the sealing request were denied and supporting the motions with a declaration or other competent evidence. *See id.* at 4.  Defendant has now filed a supplemental brief and a supporting declaration.  Docket No. 59.  No response in opposition to the motions has been filed.  For the reasons discussed more fully below, the motions to seal are hereby **GRANTED**.

**I.    STANDARDS**

      The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of

documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret").  On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178.  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents).  Such "conclusory offerings do not rise to the level of 'compelling reasons'

---

[1] The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).  Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099.  A petition for *certiorari* remains pending in that case.

1   sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182.  In

2   allowing the sealing of a document, the Court must base its decision on a compelling reason and must

3   "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605

4   F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

5          Lastly, to the extent any confidential information can be easily redacted while leaving meaningful

6   information available to the public, the Court must order that redacted versions be filed rather than

7   sealing entire documents.  *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of*

8   *Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the

9   possibility of redacting the sensitive material")

10  **II.    ANALYSIS**

11         The pending motions seek to seal exhibits attached to summary judgment briefing, triggering the

12  compelling reasons standard.  *See, e.g., Kamakana*, 447 F.3d at 1181.  The pending motions seek to seal

13  two sets of documents: (1) a stock purchase agreement entered into between Defendant and a non-party

14  to this litigation, and (2) a collection of customer invoices.  *See, e.g.*, Docket No. 59 at 1-2.  The Court

15  addresses each below.

16         With respect to the stock purchase agreement, Defendant represents that some limited

17  information from that agreement was made public but that the detailed information therein has been kept

18  confidential through a non-disclosure agreement between the parties to the transaction.  Lim Decl. at ¶

19  2.  The confidential information includes the structuring of the transaction, the financing of the parties,

20  and the parties' operations.  *See id.*  Defendant further indicates that the disclosure of this information

21  would be harmful to its business standing in that its competitors could use the information to exploit its

22  strategic business plans, could replicate its business methods, and could gain a competitive advantage

23  over Defendant by identifying its business formulas and processes.  *See id.*  Defendant has invested its

24  resources in developing that information, and competitors could potentially have the same information

25  without themselves having to invest their resources.  *See id.*  The Court finds this showing sufficient to

26  establish compelling reasons to seal the stock purchase agreement.  *See, e.g., Selling Source, LLC v. Red*

27  *River Ventures, LLC*, 2011 WL 1630338, *6 (D. Nev. Apr. 29, 2011) ("Where the material includes

28  information about proprietary business operations, a company's business model or agreements with

                                                          3

1  clients, there are compelling reasons to seal the material"). The Court further finds that these compelling

2  reasons outweigh the competing interests of the public in having access to the judicial records and

3  understanding the judicial process.[2]

4      With respect to the customer invoices, the invoices show the sales of Defendant's kiosks to

5  various customers.  Lim Decl. at ¶ 3.  The information shown on the invoices includes the number of

6  units sold to each customer and the price paid by that customer, information that is only known by

7  Defendant and the other party to the transaction.  *See id.*  Defendant represents that the disclosure of this

8  information would be harmful to its business standing in that its competitors could tailor their product

9  offerings and pricing to undercut Defendant in future dealings with the same customers.  *See id.*  The

10  Court finds this showing sufficient to establish compelling reasons to seal the customer invoices. *See,*

11  *e.g.*, *B2B CFO Partners, LLC v. Kaufman*, 2011 WL 6297930, *3 (D. Ariz. Dec. 16, 2011) (finding

12  compelling reasons to seal customer invoices because disclosure would, *inter alia*, give competitors the

13  ability to undercut the movant's pricing).  The Court further finds that these compelling reasons

14  outweigh the competing interests of the public in having access to the judicial records and understanding

15  the judicial process.[3]

16  **III.  CONCLUSION**

17      For the reasons discussed more fully above, the motions to seal are **GRANTED**.

18      IT IS SO ORDERED.

19      DATED: September 7, 2016

20  _____

21  NANCY J. KOPPE
    United States Magistrate Judge

22

23

24

25

26  [2]  The Court further finds redaction of the stock purchase agreement would not leave meaningful
    information available to the public.

27

28  [3] The Court further finds redaction of the invoices would not leave meaningful information available
    to the public.

4