UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TDN MONEY SYSTEMS, INC.,

Plaintiff(s),

v.

EVERI PAYMENTS, INC.,

Defendant(s).

Case No. 2:15-CV-2197 JCM (NJK)

ORDER

Presently before the court is a motion to continue trial (second request) by defendant Everi Payments Inc. f/k/a Global Cash Access, Inc. (GCA), requesting the court "for a brief continuance" of the current trial set for September 25, 2017. (ECF No. 126). Plaintiff TDN Money Systems, Inc. responded in opposition to this motion. (ECF No. 127). GCA replied. (ECF No. 129). The motion to continue trial is granted.

Also before the court is TDN's "emergency" motion *in limine*. (ECF No. 112). TDN filed a supplement to this motion without leave to do so, *see* Local Rule 7-2(g). (ECF No. 114). GCA responded. (ECF No. 115). TDN replied. (ECF No. 123). GCA countermoved for sanctions related to TDN's filing of the emergency motion *in limine*. (ECF No. 116). TDN responded. (ECF No. 124). GCA replied. (ECF No. 128). Both the emergency motion in limine (ECF No. 112) and the countermotion for sanctions (ECF No. 116) are denied.

## I. Facts

### a. Procedural History

The February 28, 2017 joint pretrial order set this matter for trial on August 21, 2017 and set calendar call for August 17, 2017. (ECF No. 76). Calendar call was later reset for August 16, 2017. (ECF No. 100).

James C. Mahan
U.S. District Judge

On June 5, 2017, GCA moved for the first time to continue trial for two months. (ECF No. 81). GCA's counsel cited burdensome discovery obligations in another case as a scheduling conflict and basis for the continuance. *Id.* TDN opposed, arguing that there was not a genuine scheduling conflict. (ECF No. 82). GCA replied. (ECF No. 83).

On June 16, 2017, this court denied GCA's motion to continue trial. (ECF No. 84). This court noted that the February joint pretrial order expressly states that "[t]his order shall not be amended except for by order of the [c]ourt pursuant to agreement of the parties or to prevent manifest injustice." *Id.* at 2. Absent an agreement of the parties, and finding that GCA "has failed to show that an amendment would prevent manifest injustice," the court denied the motion. *Id.* The result was that the trial remained scheduled for August 21, 2017.

The deadline before trial to file motions *in limine* in this case was July 7, 2017, but the parties stipulated to an extended deadline of July 14, 2017. (ECF No. 86). The court granted the stipulation. (ECF No. 87).

On July 14, 2017 exactly, TDN filed six motions *in limine* (ECF Nos. 88–93) and GCA filed five (ECF Nos. 94–98), for a total of 11 motions. Responses for all of these motions were due by July 28, 2017.

On July 28, 2017 exactly, TDN filed its responses to GCA's five motions *in limine* (ECF Nos. 101–05) and GCA filed its responses to TDN's six motions *in limine* (ECF Nos. 106–11). Thus, as of July 28, 2017—less than a month before trial—all permissible briefing on motions *in limine* was complete, and no further motions *in limine* were permissible. *See* LR 16-3.

Nonetheless, TDN saw fit to file another. On August 2, 2017—after the agreed-upon deadline and local-rule deadline (*see* Local Rule 16-3(a)) for motions *in limine*—TDN filed an "emergency" motion *in limine* alleging witness intimidation, seeking further discovery, requesting an adverse inference in their favor, and asking for preliminary injunctive relief to "preclude defendant from threatening [a witness] in advance of the trial." (ECF No. 112). Per Local Rule 16-3(a), a nonmoving party is entitled to 14 days to respond to a motion in limine, setting the response deadline for this late-filed motion *in limine* at August 16, 2017, the day of calendar call

for trial (and only four days before trial). TDN did not move for a continuance of trial in light of the new facts alleged in TDN's August 2 motion.

Thereafter, the parties continued filing motions. Two days later, on August 4, 2017, TDN filed a motion for leave to file a reply in support of its motions *in limine*. (ECF No. 113). On the same day, TDN also filed a "supplement" to its late-filed "emergency" motion *in limine* without leave of court to do so (*see* Local Rule 7-2(g) ("Supplementation prohibited without leave of court."). (ECF No. 114). On August 15, 2017, defendant GCA responded to the late-filed motion. (ECF No. 115).

Also on August 15, 2017—the day before calendar call—GCA filed a motion for sanctions against TDN related to TDN's August 2 "emergency" motion, arguing for attorney fees and costs because "TDN disregarded nearly every rule in filing its motion, failed to conduct an adequate meet-and-confer, and fails to include any facts or legal authority to support any of its positions outlined in the motion. This motion was filed without advance warning during a critical time when the parties are preparing for the upcoming trial. TDN fully knew this fact and merely sought to ambush GCA with a last minute filing on the eve of trial." (ECF No. 116). Because GCA asked the court for a monetary sanction against TDN, TDN was entitled to be heard on the matter and file a response. The time for TDN to respond to GCA's motion for sanctions was 14 days, due by August 29, 2017—over a week after the date set for trial.

On the day of calendar call, Magistrate Judge Koppe ruled on TDN's motion for leave to file a reply, granting the motion and thus docketing TDN's reply to the motions *in limine*. (ECF Nos. 119, 120). Thus, as of the date of calendar call, briefing on the timely motions *in limine* was not finally completed until that day. Further, GCA's response to TDN's late-filed "emergency" motion in-limine and motion for sanctions had just been filed the day before, to which a response was not due until after the start of trial.

Accordingly, because of the status of the pretrial motions, court staff at calendar call indicated correctly that this case was not ready for trial. Staff directed the parties to enter a stipulation to continue trial to September 25, 2017, with calendar call on September 20, 2017.

GCA's counsel indicated that it was available for trial on that date, but noted that it would ask TDN to continue the trial to a later date due to counsel's busy schedule. (ECF No. 121 at 1). GCA requested that TDN agree to a date on or after November 6, 2017. *Id.* TDN declined. *Id.* at 2.

On August 18, 2017, the court entered an order accepting the stipulation and continuing trial to September 25, 2017. (ECF No. 122). That is the current trial date, with calendar call on September 20, 2017. (ECF No. 125).

**b. Instant Motion to Continue**

On August 22, 2017, defendant GCA moved to continue trial (it indicated previously that it would if TDN would not agree to a stipulation). (ECF No. 126). GCA now argues that the new trial date of September 25, 2017 will prejudice its ability to prepare for trial because several depositions in another matter are set to occur from September 25, 2017 to October 13, 2017; from October 2, 2017 to October 5, 2017, key employees of GCA will be participating in an annual international gaming trade show and conference that is critical to the company's business every year, which would make it difficult for them to appear as witnesses on or around these dates; between August 27 through September 9, GCA's counsel will be out of the country on another matter; finally, GCA's counsel is committed to trying a case in the United States Federal Court of Claims in Washington, D.C. for the two weeks immediately preceding this trial (which is set to take place between September 11, 2017 and September 22, 2017). (ECF Nos 126, 126-1, 126-2). GCA points out that it never agreed to the current September 25, 2017 date, but that this setting "was made by the Court due to many outstanding motions, including Plaintiff [TDN's] last-minute motion in limine filed on the eve of trial." (ECF No. 129 at 1). Therefore, GCA requests a continuance of trial to the earliest stack following November 6, 2017.

Plaintiff TDN opposes, arguing that the joint pretrial order "shall not be amended except by order of the Court pursuant to an agreement of the parties or to 'prevent manifest injustice.'" (ECF No. 127). TDN argues that GCA's counsel is actually available during the three-week trial stack in which this case is set for trial on September 25, 2017; that this is not a genuine or new conflict because the original trial date of August 21, 2017—assuming the trial lasted the full three

weeks of the three-week trial stack until September 8—would have given GCA's counsel the same number of days between trials as GCA currently has (3 days); for the past six months, the two trials have been set to run back-to-back so this excuse now is a "post hoc justification to delay this trial"; "this trial probably will not begin on September 25 because 13 criminal cases in the same three-week stack will have priority"; and "[a] federal trial should take precedence over a trade show." *Id.* TDN requests that this court keep the September 25 trial date.

GCA replied in support of its motion on August 25, 2017. (ECF No. 129).

**c. The Emergency Motion in Limine and Countermotion for Sanctions**

TDN's late-filed "emergency" motion in limine alleges that GCN engaged in witness intimidation by one of its representatives sending a demand letter to a witness that related to an alleged indemnification agreement with GCN. (*See generally* ECF No. 112). TDN alleges that a GCN employee also called this witness to relay the same information to him. *Id.* In its emergency motion, TDN demanded (1) production of the letter in question, (2) the imposition of an adverse inference at trial related to the witness's testimony, and (3) a preliminary injunction ordering the defendant from "threatening" the witness in advance of the trial. *Id.*

In TDN's improperly filed supplement to the late-filed emergency motion *in limine*, TDN attached an affidavit of the witness in question—Bernard Boyle, former owner of Western Money Systems, the predecessor in interest to defendant GCA—which states that "[o]n or about July 19, 2017, a GCA employee and representative . . . contacted me by telephone and told me that I would be sued by GCA is GCA loses the trial in the within action." (ECF No. 114-1).

GCA responded and countermoved for sanctions against TDN for filing the allegedly frivolous emergency motion *in limine*. (ECF Nos. 115, 116). GCA argues that this was simply a demand letter sent to preserve its rights thereunder, which "notified and demanded that [the Boyle Family Trust, of which the witness Bernard Boyle is trustee,] confirm within thirty days that it will indemnify GCA for any losses it may incur as the result of the TDN Lawsuit." (ECF No. 116 at 6). GCA argues that nothing in the letter "threatened" the witness with a lawsuit if he testified at trial. *Id.* Instead, GCA argues that the agreement between GCA and the witness and Boyle Family Trust "expressly requires GCA to send a request for indemnification prior to initiating any

litigation for indemnification." *Id.* at 7. Thus, GCA argues that its act of sending this letter—thereby protecting and preserving its rights under the indemnification clause—does not amount to "witness intimidation" under any legal authority. *Id.* at 6–7. In support of their argument, GCA attached the requested letter sent to the witness. (ECF No. 116-5). This letter describes GCA's position on the legal matter debated in this lawsuit and notifies the Boyle Family Trust and Bernard Boyle that the Boyle Family Trust agreed to indemnify and hold GCA harmless under the circumstances GCA alleges this lawsuit involves, and requests the trust to confirm within thirty days of the receipt of the letter that it will indemnify GCA "for any losses it may incur as the result of the TDN Lawsuit." *Id.*

## II. Legal Standard

As a threshold issue, the parties debate the applicable legal standard for the motion to continue. TDN argues that the court is bound by the last sentence of the February 28, 2017 pretrial order, which states, "This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice." (ECF No. 76). However, the date the pretrial order set for trial was August 21, 2017, which is no longer the date set for trial—rather, the court ordered the date to be continued to September 25, 2017. In other words, the current trial date is not a component of the pretrial order. Thus, a continuance of the current trial date would not constitute an amendment of the pretrial order, so this sentence of the pretrial order no longer governs. Rather, the order governing the current trial date, the order of continuance (ECF Nos. 87), includes no express limitation on the court's discretionary power to again continue trial if the September 25, 2017 proves inconvenient for any reason.

Instead, GCA argues that the governing standard is found in Federal Rule of Civil Procedure 6(b) and a four-factor test espoused by the Ninth Circuit in *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

The decision to grant or deny a requested continuance lies within the broad discretion of the district court. *Flynt*, 756 F.2d at 1358. The exercise of a district court's discretion on a motion to continue will not be disturbed unless the court's decision is arbitrary or unreasonable. *Id.*

The *Flynt* court evaluated whether the district court clearly abused its discretion in denying a criminal defendant a continuance. It relied on the following factors:

> First, we consider the extent of [movant's] diligence in his efforts to ready his [case] prior to the date set for hearing. . . .
>
> Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. . . .
>
> Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. . . .
>
> Finally, we consider the extent to which the [movant] might have suffered harm as a result of the district court's denial.

*Id.* at 1359 (citations omitted).

In exercising this court's broad discretion ruling on the present motion, this court has considered the factors in *Flynt* as well as the arguments and points made by the parties in their briefing and affidavits.

## III. Discussion

### a. Motion to Continue

GCA has shown good cause for the continuance it requests and this court is not persuaded by TDN's arguments in opposition. It appears that between now and this newly set trial date, GCA counsel will have little opportunity to adequately prepare due to other commitments immediately following this trial, a conflict which may substantially prejudice its client. Also, trial on the current date may likely needlessly interfere with depositions GCA has scheduled in another demanding, time-sensitive action in state court, a which conflict a continuance could easily solve. Further, whether or not TDN is correct that a federal trial "should take precedence over a trade show" (ECF No. 127), this does not mean that this court cannot try to work with GCA's demanding schedule around this time in order to accommodate both the trial and the trade show and thus avoid unnecessary damage to GCA's business.

Next, TDN's argument is transparently disingenuous that, had this case proceeded on the original date of August 21, 2017, GCA's counsel would have had the same number of days between this trial and its other trial in the United States Federal Court of Claims as GCA has under the current schedule. This argument presumes that this trial would last the full three weeks of the

three-week trial stack, but this is a presumption that is both unfounded and is something that TDN itself has expressly disclaimed in its own prior filings: in the joint pretrial order, TDN represented that it estimates "the trial herein will take a total of 4-5 days," while GCA predicted the trial will be only 7 to 10 days. (ECF No. 76 at 25). If TDN's own prediction is correct, this would have given GCA a full two weeks between trials if this case had proceeded to trial on the original date. The new date, in contrast, gives GCA only three days between a trial in Washington, D.C., and the instant trial here in Las Vegas, Nevada.

This court is unpersuaded by TDN's prediction that "this trial probably will not begin on September 25 because 13 criminal cases in the same three-week stack will have priority." This consideration—even if it were true—has no bearing on this court's analysis for dates it sets for trial.

Finally, it appears to this court that GCA has largely complied with its pretrial obligations and would have been prepared to go forward with trial on the date set by the pretrial order. GCA requested a continuance and was denied, and then proceeded to comply with the pretrial motion deadlines nonetheless. The primary reason that this case was not ready for trial on August 21, 2017 was TDN's filings after the deadline to file motions in limine. TDN filed a substantive motion in limine beyond the deadline for such motions, requesting extraordinary injunctive relief that could have a substantive impact on the trial. These were not matters to handle in a motion in limine on the eve of trial and, if the motion were truly merited, it required a continuance of trial. TDN also requested the court to grant leave to file a reply to the motions in limine, which was not granted by the magistrate until the day of calendar call, meaning the district court was unable to rule on these pending matters before that time. GCA's response and motion for sanctions each related to TDN's late-filed motion in limine.

In response to TDN's actions, the matter needed to be continued. The court is convinced that the new date selected at calendar call would be a substantial burden for both GCA and its counsel. Further, TDN has not convinced the court that a brief continuance would substantially prejudice TDN or its counsel. Accordingly, the motion is granted.

**b. The Emergency Motion and the Countermotion for Sanctions**

The court has reviewed the arguments and evidence related to each of these motions, including the Stock Purchase Agreement. (ECF Nos. 112, 116, 38-4). The emergency motion *in limine* was filed after the agreed deadlines for motions in limine, and therefore must be denied. If this situation were truly as dire as TDN suggested, it needed to move to continue the trial to allow the court an adequate opportunity to address the situation. Furthermore, the supplement to the motion in limine was filed without leave of court.

Nonetheless, the court has reviewed the merits of the motion due to the severity of the allegations made in the motion. Still, the court denies relief. The parties debate whether the demand letter for indemnification constituted witness intimidation. GCA contends that it was a valid demand letter and therefore could not constitute witness intimidation, and TDN contends that it was simple intimidation because the demand was invalid under the Stock Purchase Agreement containing the indemnification clause. TDN argues that the language of the Stock Purchase Agreement required GCA to send that letter long before it did here or it has waived its indemnification claim, and therefore, this could not have been a valid request. GCA still maintains that it will pursue this indemnification claim if it does not prevail at trial.

The timing of the demand letter is concerning but the court does not find that it rises to the level of witness intimidation. If the demand is truly frivolous, then it should have little impact on how Bernard Boyle choses to testify at trial. Further, if Bernard Boyle in fact does change his testimony at trial from the testimony he gave in his deposition, he will be subject to cross-examination based on his prior inconsistent statements and potential bias. Nothing about this order prevents TDN from raising the letter as evidence of bias in that situation.

TDN's request for the production of the letter is now moot because GCA has produced it. Also, given this court's analysis of this issue described above, TDN is not entitled to an adverse inference in its favor. Whatever inconsistencies in Mr. Boyle's testimony may arise at trial, this court is confident that the issue may be adequately addressed by cross-examination. Finally, TDN is not entitled to this court's extraordinary intervention in the form of injunctive relief, which the court concludes is unnecessary to address any potential problems here and is never awarded as of

right. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)) (holding that for injunctive relief, a plaintiff must show itself to be "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.").

Finally, this court does not consider these circumstances to warrant sanctions.

**IV. Conclusion**

Accordingly, good cause appearing,

IT IS HEREBY ORDERED that GCA's motion to continue trial (ECF No. 126) is GRANTED.

IT IS FURTHER ORDERED that the September 25, 2017 trial date is vacated and the trial date is hereby reset as follows: **Jury Trial set for December 4, 2017, at 9:00 a.m. in LV Courtroom 6A before Judge James C. Mahan. Calendar Call set for November 29, 2017, at 1:30 p.m.in LV Courtroom 6A before Judge James C. Mahan.** Exhibit List, Proposed Findings of Fact and Conclusions of Law, Proposed Voir Dire, Proposed Jury Instructions and Trial Briefs are due at calendar call.

IT IS FURTHER ORDERED that plaintiff TDN's emergency motion *in limine* (ECF No. 112) is DENIED.

IT IS FURTHER ORDERED that defendant GCA's countermotion for sanctions (ECF No. 116) is DENIED.

DATED September 6, 2017.

James C. Mahan

UNITED STATES DISTRICT JUDGE