UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TDN MONEY SYSTEMS, INC., | Case No. 2:15-CV-2197 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| EVERI PAYMENTS, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff TDN Money Systems, Inc.'s ("TDN") motion for leave to file surreply. (ECF No. 173). Defendant Everi Payments, Inc., f/k/a Global Cash Access, Inc. ("Everi") filed a response. (ECF No. 174).

Also before the court is Everi's motion for attorney's fees and non-taxable costs. (ECF No. 164). TDN filed a response (ECF No. 170), to which Everi replied (ECF No. 172).

**I.   Facts**

This action arises out of a dispute relating to TDN's non-exclusive dealer resale agreement, which authorized TDN to sell Western Money Systems' gaming kiosks. (ECF No. 164). In May of 2010, Everi acquired Western Money Systems, shortly after TDN had re-executed the dealer resale agreement. *Id.* TDN alleged that Everi breached the dealer resale agreement when it instructed TDN's customers to no longer purchase kiosks from TDN, directly sold kiosks to casinos, did not provide on-site assistance as required under the dealer resale agreement, and failed to compensate TDN for its services. (ECF No. 1).

After three years of litigation, the jury returned a verdict in favor of defendant Everi. (ECF No. 62). TDN did not recover any damages, which it claimed to be between $11-25 million. (ECF

No. 164). On December 10, 2017, the court dismissed the action on the merits. (ECF No. 162). The judgment was filed on December 19, 2017. *Id*.

On January 2, 2018, 14 days after the entry of judgment, Everi filed a motion for attorney's fees, seeking $781,440.00 in attorney's fees and $63,856.95 in non-taxable costs. (ECF No. 164). Everi argues that it is entitled to attorney's fees and non-taxable costs on two grounds: (1) the dealer resale agreement provides for an award of attorney's fees and (2) TDN rejected offers of judgment. (ECF Nos. 164, 172). The pleadings reveal that Everi made two offers to compromise: $750,000 on July 20, 2017; $1,000,000 on August 7, 2017. (ECF No. 164).

## II. Legal Standard

### a. Motion for leave to file surreply

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

### b. Attorneys' fees

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or

procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. REV. Stat. § 18.010.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

Additionally, the party moving for attorney's fees must meet the requirements of Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R.Civ. P. 54(d)(2)(B):
> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
> (A) The results obtained and the amount involved;
> (B) The time and labor required;
> (C) The novelty and difficulty of the questions involved;
> (D) The skill requisite to perform the legal service properly;
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
> (F) The customary fee;
> (G) Whether the fee is fixed or contingent;
> (H) The time limitations imposed by the client or the circumstances;
> (I) The experience, reputation, and ability of the attorney(s);
> (J) The undesirability of the case, if any;
> (K) The nature and length of the professional relationship with the client;
> (L) Awards in similar cases; and

(M) Any other information the court may request.
    (c) Attorney Affidavit. Each motion must be accompanied by an affidavit from the
        attorney responsible for the billings in the case authenticating the information
        contained in the motion and confirming that the bill was reviewed and edited
        and that the fees and costs charged are reasonable.
    (d) Failure to provide the information required by subsections (b) and (c) in a motion
        for attorney's fees may be deemed a consent to the denial of the motion.

Local Rule 54-14.

**III.  Discussion**

   *a.  Motion for leave to file surreply*

On January 26, 2018, TDN filed a motion for leave to file surreply, arguing that Everi raised two new arguments for the first time: (1) that Everi is entitled to attorney's fees due to TDN's failure to accept an offer of judgment under Nevada Rules of Civil Procedure ("NRCP") 68, and (2) that TDN has the burden of proof to show that Everi's hourly rates are not in line with those of the community. (ECF No. 173). Everi argues that TDN first raised the issue of awarding attorney's fees under NRCP 68 and that TDN misunderstood Everi's argument regarding reasonable attorney's fees. (ECF No. 174).

Everi claims that TDN first raised the NRCP 68 argument in a footnote. *Id*. The footnote reads:

> Plaintiff notes that Defendant spends a page of its Statement of Facts in its Motion for Attorneys' fees outlining its Offers of Judgment and Plaintiff's rejections thereof, but rightfully does *not* suggest or argue that Rule 68 is or could be a basis for its request of attorneys' fees because it cannot.

(ECF No. 170). The footnote also includes a ten (10) line citation, supporting the claim that TDN's failure to accept an offer of judgment does not warrant an award of attorney's fees. *Id*. Thus, TDN's footnote raises the NRCP 68 issue, making it proper for Everi to address TDN's argument in its reply.

Further, Everi does not argue in its reply that TDN has the burden to show that attorney's fees are not in line with those of the community. (ECF No. 172). Instead, the reply addresses some of the points that TDN raised in its response, arguing that TDN has not rebutted Everi's argument that the attorney's fees are reasonable. *Id*.

Accordingly, because Everi did not raise any new issue in its reply the court will deny TDN's motion for leave to file surreply.

### b. *Request for attorney's fees*

Before the court are two potential grounds for awarding attorney's fees: (1) the dealer resale agreement, and (2) TDN's rejection of the offers of judgment. (ECF Nos. 164, 170, 172). This matter invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and the court does not see how state law would run counter to any federal statute or rule. (ECF Nos. 1, 164, 170, 172). Accordingly, the court will apply Nevada state law.

#### i. *Dealer resale agreement*

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010(1). Parties are free to provide for attorney's fees by express contract provisions. *Barbara Ann Hollier Trust v. Shack*, 356 P.3d 1085, 1092 (Nev. 2015) (citing *Davis v. Beling*, 378 P.3d 501, 515 (Nev. 2012)). When considering attorney's fees provisions, courts employ the traditional rules of contract interpretation. *Id*. When the language of a contract is clear and unambiguous, the court will enforce the contract as written. *Id*.

Everi argues that the terms of the dealer resale agreement provided for an award of attorney's fees and costs to the prevailing party of a dispute that arises from the contract. (ECF No. 164). TDN argues that the contract provides for an award of attorney's fees only if there has been an arbitration decision, the decision is contested within thirty (30) days, and the contesting party does not receive a more favorable verdict at trial. (ECF No. 170). The pertinent part of the contract reads:

> If any dispute arises under this Agreement, the parties shall first submit the matter to a mutually agreeable arbitrator under the commercial rules of the American Arbitration Association. The costs of the arbitration, including fees to be paid to the arbitrator, shall initially be shared equally by the parties to the dispute, though the arbitrator may award attorney's fees and costs to the prevailing party in rendering a decision. *Upon receipt of the arbitrator's decision, either party shall be limited to thirty (30) days in which to contest the decision. If the party contesting the decision does not receive a more favorable verdict at trail, that party shall be responsible for all attorneys' fees and costs of the prevailing party.*

(ECF No. 170) (emphasis added).

The language of this provision is clear and unambiguous. To receive an award of attorney's fees pursuant to the dealer resale agreement three requirements must be met: (1) the arbitrator must render a decision, (2) a party to the arbitration must contest the decision within thirty (30) days, and (3) the contesting party must not receive a more favorable verdict at trial. A failure to satisfy any of these three requirements precludes a party from receiving attorney's fees pursuant to the contract.

TDN originally filed this matter with the American Arbitration Association, but prior to the conclusion of arbitration both parties stipulated to replace arbitration with resolving the claims before this court. (ECF Nos. 164, 170). As a result, the arbitration process never concluded with a final decision that a party could contest. The stipulation, which does not modify the rights to attorney's fees, does nothing to remedy the fact that the Everi has not met the express requirements of the contract. (ECF No. 165). Accordingly, Everi is not entitled to attorney's fees pursuant to the dealer resale agreement.

### ii. *Offers of judgment*

Everi moves for attorney's fees pursuant to NRCP 68. For an award of attorney's fees, a party must meet the statutory requirement set in NRCP 68, the request must be reasonable, and the award of attorney's fees must be reasonable. The relevant section of NRCP 68 reads in part:

> (f) **Penalties for Rejection of Offer.** If the offeree rejects an offer and fails to obtain a more favorable judgment,
>
> . . . .
>
> (2) the offeree *shall* pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer. If the offeror's attorney is collecting a contingent fee, the amount of any attorney's fees awarded to the party for whom the offer is made must be deducted from that contingent fee.

Nev. R. Civ. P. 68 (emphasis added). To make a proper offer under NRCP 68, the offer must be made more than ten (10) days before trial. Nev. R. Civ. P. 68(a).

The Ninth Circuit has held that the United States District Court in the District of Nevada may award fees under NRCP 68, through operation of Federal Rule of Civil Procedure ("FRCP") 54(d), when NRCP 68 would allow for attorney's fees in state court. *See Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016) (holding that FRCP "Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law.").

To determine whether a request for attorney's fees under NRCP 68 is reasonable, the court considers the following factors:

> (1) Whether the plaintiff's claim was brought in good faith; (2) whether the offeror's offer of judgment was brought in good faith; (3) whether the offeree's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) (hereinafter the "Beattie factors").

Once a party has established its entitlement to an award of attorney's fees under NRCP 68 and the Beattie factors, the court must then determine the reasonableness of such an award. *In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d 1147, 1178 (D. Nev. 2011). The court is to consider the following elements in determining the reasonableness of an attorney's services:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969) (hereinafter the "Brunzell factors").

Throughout the course of litigation, Everi made two offers of judgment: $750,000 on July 20, 2017; $1,000,000 on August 7, 2017. (ECF No. 164). Everi made both offers more than ten (10) days prior to the first day of trial. (ECF No. 177) (recording March 5, 2018, as the first day of trial). At trial TDN did not obtain a more favorable judgment because the jury returned a verdict in favor of Everi. (ECF No. 164). Thus, Everi has made proper offers of judgment under NRCP 68.

The court continues its analysis by applying the Beattie factors to Everi's offers of judgment.

For the first factor, though TDN did not prevail at trial, it still brought forth causes of action in good faith. TDN's case withstood two motions for summary judgment and prevailed on a motion for partial summary judgment. (ECF Nos. 33, 41, 49). In addition, Everi's willingness to make sizeable compromise offers indicates that TDN's case posed a legitimate risk.

For the second factor, the court has no reason to doubt that Everi's offers were made in good faith. Everi's initial compromise offer was of a substantial amount. After TDN's rejection, Everi increased the offer by $250,000. This sequence of facts indicates that Everi was engaging in genuine acts aimed at resolving the dispute.

For the third factor, TDN's rejected Everi's offers when its case had some momentum. The offers were made approximately half a year after TDN prevailed on its motion for partial summary judgment and withstood two of Everi's motions for summary judgment. *Id.* In other words, TDN had legitimate bases to believe in good prospects for trial and could expect a compromise offer that was closer to its requested relief. Therefore, TDN was not unreasonable in rejecting Everi's offers of judgment.

For the fourth factor, the court struggles to determine whether the fees are reasonable. NRCP 68(f)(2) requires, when appropriate, for a party to pay "post-offer cost, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees." Nev. R. Civ. P. 68(f)(2). Here, Everi requests $781,440.00 in attorney's fees and $63,856.95 in non-taxable costs, which appears to be the total cost incurred rather than merely post-offer costs. (ECF No. 164). A review of the attorney affidavit shows the dates that certain costs were incurred, but the court is not equipped with accountants to analyze over a hundred pages in invoices. *See* (ECF No. 165). Had Everi followed Local Rule 54-14(b), which requires "a reasonable itemization and description of the work performed," the court would be in a position to determine if the post-offer costs were reasonable. Because there is not sufficient basis to conclude that the post-offer costs were reasonable, this factor does not weigh in favor of either party's position.

| | |
|---|---|
| 1 | Overall, the Beattie factors weigh against an award of attorney's fees. TDN not only brought its case in good faith but also acted reasonably in rejecting Everi's offers of judgment. Everi acted in good faith when it made the offers, but this is not sufficient to negate TDN's good faith and reasonable conduct. In light of the results from applying the Beattie factors, the court will not continue to determine whether the attorney's fees are reasonable under the Bunzell factors. |

Overall, the Beattie factors weigh against an award of attorney's fees. TDN not only brought its case in good faith but also acted reasonably in rejecting Everi's offers of judgment. Everi acted in good faith when it made the offers, but this is not sufficient to negate TDN's good faith and reasonable conduct. In light of the results from applying the Beattie factors, the court will not continue to determine whether the attorney's fees are reasonable under the Bunzell factors.

Accordingly, because the offers of judgment were not reasonable under the Beattie factors, the court holds that Everi is not entitled to an award of attorney's fees and non-taxable costs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that TDN's motion for leave to file surreply (EF No. 173) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Everi's motion for attorney's fees (ECF No. 164) be, and the same hereby is, DENIED.

DATED August 13, 2018.

_____
UNITED STATES DISTRICT JUDGE